UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 20-62564-CIV-SINGHAL

SECURITIES AND EXCHANGE COMMISSION,

      Plaintiff,

v.

MATTHEW L. WALKER,

      Defendant.

_____/

### <u>FINAL JUDGMENT AGAINST DEFENDANT MATTHEW L. WALKER</u>

**THIS CAUSE** is before the Court on the Plaintiff's Unopposed Motion for Entry of Final Judgment Against Defendant Matthew L. Walker (DE [38]).  By the Consent of Matthew Walker to Final Judgment ("Consent") attached as Exhibit B to the motion (DE [38-2]), without admitting or denying the allegations of the Complaint (except that Defendant Matthew L. Walker ("Defendant Walker") admits the jurisdiction of this Court over him and over the subject matter of this action and as otherwise set forth in Section V below), Defendant Walker has entered a general appearance, consented to entry of this Final Judgment, waived findings of fact and conclusions of law, and waived any right to appeal this Final Judgment.  The Court finds that good cause exists for entry of the Final Judgment.  Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Unopposed Motion for Entry of Final Judgment Against Defendant Matthew L. Walker (DE [38]) is **GRANTED**.  The Clerk of Court is directed to **CLOSE** this case and **DENY AS MOOT** any pending motions. Furthermore, all deadlines are **TERMINATED**, and all hearings are **CANCELLED**.

The Court further **ORDERS AS FOLLOWS**:

I.      **PERMANENT INJUNCTIVE RELIEF**

 A. **Section 5 of the Securities Act of 1933 ("Securities Act")**

  **IT IS ORDERED AND ADJUDGED** that Defendant Walker is permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

 (a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

 (b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

 (c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination  under Section 8 of the Securities Act [15 U.S.C. § 77h].

**IT IS FURTHER ORDERED AND ADJUDGED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant Walker's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant Walker or with anyone described in (a).

**B. Section 15(a)(1) of the Securities Exchange Act of 1934 ("Exchange Act")**

**IT IS FURTHER ORDERED AND ADJUDGED** that Defendant Walker is permanently restrained and enjoined from violating, directly or indirectly, Section 15(a)(1) of the Exchange Act [15 U.S.C. 3 § 78o(a)(1)] by making use of any means or instrumentality of interstate commerce or of the mails and engaging in the business of effecting transactions in securities for the accounts of others, or inducing or effecting the purchase and sale of securities, while not registered with the Commission in accordance with the provisions of Section 15(b) of the Exchange Act, or while not associated with a broker-dealer that was so registered.

**IT IS FURTHER ORDERED AND ADJUDGED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise:

(a) Defendant Walker's officers, agents, servants, employees, and attorneys; and

(b) other persons in active concert or participation with Defendant Walker or with anyone described in (a).

**II.   CIVIL PENALTY**

**IT IS FURTHER ORDERED AND ADJUDGED** that Defendant Walker is liable to the Commission for a civil penalty of $15,000 pursuant to Section 20(d) of the Securities

Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]. Defendant Walker shall pay the $15,000 to the Commission **within 30 days of entry of this Final Judgment**. Defendant Walker may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at: https://pay.gov/public/form/start/39621196. Defendant Walker may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to:

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> HQ Bldg. Room 265, AMK-326
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying: the case title, civil action number, and name of this Court; Matthew Walker as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant Walker shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action, Robert K. Levenson, Senior Trial Counsel, Securities and Exchange Commission, 801 Brickell Avenue, Suite 1950, Miami, FL 33131. By making any payment, Defendant Walker relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to him. The Commission shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

The Commission may enforce the Court's judgment for penalties by the use of all collection procedures authorized by law, including the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 *et seq.*, and moving for civil contempt for the violation of any Court orders issued in this action.  Defendant Walker shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

The Commission may propose a plan to distribute the Fund subject to the Court's approval.  Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002.  The Court shall retain jurisdiction over the administration of any distribution of the Fund, and the Fund may only be disbursed pursuant to an Order of the Court.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Final Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes.  To preserve the deterrent effect of the civil penalty, Defendant Walker shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action, argue that he is entitled to, nor shall he further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant Walker's payment of a civil penalty in this action ("Penalty Offset").  If the court in any Related Investor Action grants such a Penalty Offset, Defendant Walker shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs.  Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Final

Judgment.  For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant Walker by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

### III.  INCORPORATION OF CONSENT

IT IS FURTHER ORDERED AND ADJUDGED that the Consent of Matthew Walker to Final Judgment (DE [38-2]) filed herewith is incorporated herein with the same force and effect as if fully set forth herein, and Defendant Walker shall comply with all of the undertakings and agreements set forth therein.

### IV.  RETENTION OF JURISDICTION

IT IS FURTHER ORDERED AND ADJUDGED that this Court shall retain jurisdiction of this matter and over Defendant Walker in order to implement and carry out the terms of this Final Judgment and all Orders and Decrees that may be entered, to entertain any suitable application or motion for additional relief within the jurisdiction of this Court, and to order any other relief that this Court deems appropriate under the circumstances.

### V.  BANKRUPTCY NONDISCHARGEABILITY

IT IS FURTHER ORDERED AND ADJUDGED that, solely for purposes of exceptions to discharge set forth in the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the Complaint are true and admitted by Defendant Walker, and further, any debt for disgorgement, prejudgment interest, or civil penalty or other amounts due by Defendant Walker under this Final Judgment or any other judgment, order, consent order, decree, or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant Walker of the federal securities laws or any regulation or order

issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 20th day of December 2021.

RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished to counsel of record via CM/ECF